McDonald, j.
| Jn the present case the district court dismissed the suit brought by the plaintiff, Donald Brown, for lack of subject matter jurisdiction. Mr. Brown appeals that judgment. We affirm the district court judgment.

Factual and Procedural History

In 1979, Mr. Brown was convicted of armed robbery and sentenced to fifty years imprisonment. Mr. Brown was released on parole supervision in 2000, under the provisions of La. R.S. 15:574.4(A)(2), after he had served twenty years in prison and had reached the age of 45. On March 5, 2008, Mr. Brown was arrested for a violation of the terms of his parole.[1] Mr. Brown admitted to violating his parole and waived his right to a preliminary and final revocation hearing in front of the Parole Board in return for a chance to be placed in a six-month work release program. If Mr. Brown successfully completed the six-month work release program, he would be returned to active supervision. If, however, Mr. Brown was unable to successfully complete the program for any reason, his parole would be revoked based on his waiver of a final revocation hearing. Mr. Brown signed the waiver on March 26, 2008, and was admitted into the work release program on April 14, 2008.
On May 22, 2008, Mr. Brown was discharged from the work release program for an alleged rule violation.[2] Based on his *420 previous waiver of a final revocation hearing, his parole was revoked retroactive to March 26, 2008, and he was sent back to the prison system. In accordance with Mr. Brown’s previous waiver he was not given a hearing on the matter and was notified of the Parole Board’s decision by letter dated June 5, 2008. Later, Mr. Brown asserted that the ^charges against him for the rule violation were dropped.[3] In response, Mr. Brown filed a “Request for Administrative Remedy” in February of 2009 with the Louisiana Department of Public Safety and Corrections (Department) seeking reinstatement into the work release program. This request was denied by the Department on the grounds that decisions of the Parole Board are not ap-pealable through the Administrative Remedy process. Mr. Brown then sought judicial review in April of 2009, claiming that he should be reinstated into the work release program and also seeking monetary damages for lost wages.
Mr. Brown’s complaint, written pro se, listed the Department as well as the Parole Board as defendants. Noting that the Department has no authority over decisions of the Parole Board, the district court dismissed Mr. Brown’s claims against the Department.[4] As to the Parole Board, the district court allowed Mr. Brown to proceed with the appeal of his parole revocation, in accordance with La. R.S. 15:574.11, on the basis of his claim that he had been denied a final revocation hearing.
The Parole Board thereafter filed a motion to dismiss the appeal of his parole revocation, based upon a lack of subject matter jurisdiction. Upon further investigation of Mr. Brown’s claims, the district court dismissed the suit for lack of subject matter jurisdiction. In its reasons for judgment the district court found that Mr. Brown waited almost a year after notification of his parole revocation to bring his complaint. This was well past the ninety-day peremptory time limit provided in La. R.S. 15:574.11. Therefore, the district court found that Mr. Brown’s petition was untimely and that the district court lacked subject matter jurisdiction to hear the case. Mr. Brown is appealing the dismissal of his suit by the district court.

14Discussion

The only issue on appeal is whether the district court lacked subject matter jurisdiction over Mr. Brown’s suit which claims he was denied a final hearing before his parole was revoked. The Louisiana Code of Civil Procedure defines subject matter jurisdiction as the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted. La. C.C.P. art. 2. Louisiana Revised Statutes 15:574.11 establishes the process by which decisions of the Board of Parole may be appealed, and states that:
No prisoner or parolee shall have a right of appeal from a decision of the board regarding release or deferment of release on parole, the imposition or modification of authorized conditions of parole, the termination or restoration of parole supervision or discharge from parole be *421 fore the end of the parole period, or the revocation or reconsideration of revocation of parole, except for the denial of a revocation hearing under R.S. 15:574.9.[5] [footnote added.]
La. R.S. 15:574.11(A). The statute provides that the district court “shall have appellate jurisdiction over pleadings alleging a violation of R.S. 15:574.9.” La. R.S. 15:574.11(0). Further, the statute provides that petitions for review that allege a denial of a revocation hearing “shall be subject to a peremptive period of ninety days after the date of revocation by the Board of Parole” and petitions for review filed after this peremptive period “shall be dismissed with prejudice.” La. R.S. 15:574.11(D). Peremption is a period of time fixed by law for the existence of a right. La. C.C. art. 3458. Unless timely exercised, the right is extinguished upon the expiration of the peremptive period. Id. Additionally, peremption may not be renounced, interrupted, or suspended. La. C.C. art. 3461.
|Jn the present case, Mr. Brown was removed from the work release program in May of 2008 and was notified by letter dated June 5, 2008, that his parole was revoked retroactively to March 26, 2008. Although he did file a Request for Administrative Remedy with the Department in February of 2009, his petition for judicial review was not filed until April 15, 2009. Under these facts, it is clear that Mr. Brown’s rights, if any, were extinguished by his failure to file a petition within the ninety days allotted in La. R.S. 15:574.11(D). Even assuming, arguendo, that the date of Mr. Brown’s revocation was determined to be June 5, 2008, as opposed to March 26, 2008, and that the date of his petition was determined to be in February of 2009, as opposed to April 15, 2009, Mr. Brown still failed to bring his claim within the required ninety days. Consequently, his rights were extinguished and the district court lacked subject matter jurisdiction in this matter.
For the above reasons, the judgment of the district court is affirmed. Costs are assessed against Mr. Brown.
AFFIRMED.

. Mr. Brown admitted that he had been present in a local bar.

. Mr. Brown was cited for an aggravated sex offense relating to an incident where two oth *420 er residents in the program were outside in a smoking area, then allegedly looked up at a window and saw Mr. Brown masturbating inside the residence.

. Handwritten notations in the Department of Corrections records seem to indicate that the rule violation was dismissed after Mr. Brown was discharged from the work release program.

. Mr. Brown’s claim for monetary damages against both defendants was also dismissed as it was not proper in an administrative appeal.

. Louisiana Revised Statutes 15:574.9(A) states in part that ”[w]hen a parolee has been returned to the physical custody of the Department of Public Safety and Corrections, office of corrections services, the board shall hold a hearing to determine whether his parole should be revoked, unless said hearing is expressly waived in writing by the parolee. A waiver shall constitute an admission of the findings of the prerevocation proceeding and result in immediate revocation.”